case number 320118 David Biefeldt and Karen Wales appellant versus Lee Graves elm one call locators and gray law offices appellates okay counsel you've checked uh your video and your audio i think you're all set yes sir okay very good um mr phillips you're the appellate and you may proceed thank you very much your honor may it please the court my name is jonathan phillips and i represent david biefeldt and karen wales this case at its core is about the fact that david and karen were diluted to near no ownership of elm one called locators which i'll just refer to as elm and that happened because lee grapes through his control of his own actions and through his law firm managed to violate illinois law elms bylaws and not one but two separate stock restriction agreements a class a stock restriction agreement for david and a class b stock restriction agreement for karen which had mechanisms to prevent their dilution and these were all violated and as a result of that they were eventually diluted to near no ownership of elm but this case on appeal is much more procedural this case was brought was in federal court and that federal court dismissed the federal securities broad claim and the regal claim which was tied to it and as our brief points out it did so because it made one necessary determination and that was that david biefeldt through his failure to respond in writing to a letter consented to a major event under section 8.03 of the class a stock restriction agreement and i know that's a lot of detail there but it's important because it's section 8.03 not article 7 of that agreement and it's also important because it's the class a stock restriction agreement which is for david not the class b stock restriction agreement which protects karen in any event the federal court said david consented to the issuance of 1.84 million dollars in equity to lee graves that's all it said and that's all it had to say because that disposed of the federal claims it dismissed the pendant state claims for lack of subject matter jurisdiction not on the merits and in doing so the federal court went on to say that these these very claims may end up in state court again and even went so far as to say that david may be relieved of the consequences of his failure to respond to the letter in particular it said plaintiffs make much of what happened after bfl consented that certain corporate formalities were followed illinois law the stock restriction agreement and elm bylaws and that's exactly what we ended up pleading later on in our uh circuit court complaint but the federal court said those were not material to its determination because it didn't need to reach a decision on any of that in order to dismiss the federal claims we ended up in the circuit court obviously um and as everyone knows there was challenges based on collateral estoppel based on the prior adjudications by both the federal district court and the seventh circuit opinion and the circuit court dismissed the claims and that's what brings us here today after rule 304a finding i would like to make two main points and otherwise uh maybe briefly discuss the malpractice claim and otherwise rest on my brief uh first i want to show that the federal court determination is not identical to the issues raised in the circuit court complaint and second i want to show that it's unfair to apply collateral estoppel in this particular case as to the first issue i think everyone agrees and there's no dispute that collateral estoppel requires a ruling on an identical issue and a decision on the merits as to that issue it's not about what was argued rather it's about what was decided and that goes all the way back to the hoffman case cited by the appellees where it says not only does it need to be a decision but it's an outcome dispositive decision in that prior litigation so this is a long-standing requirement so here the question is did david's consent that lee graves would be issued 1.84 million dollars in additional equity bar any of the claims in the complaint again the federal court said it was under section 8.03 and the seventh circuit went on to say it was under 8.03 and that is different than any notice that you get under article 7 of the class a stock restriction agreement so the prior uh history of this case shows that there are two separate requirements and nowhere is it shown that david's consent to that somehow says that illinois law that requires the price per share to be set by the board of directors was followed it's certainly not outcome dispositive as to that issue it's not identical or that the bylaws require that be done at a meeting with a quorum it doesn't even mention a meeting doesn't work on a meeting it simply doesn't touch touch it let alone be identical to it and to put that in the way of or does it get them 99 of the company no one knew it's certainly not outcome dispositive to the claims that were brought in the state court complaint otherwise i think this goes to also the dilution prevention mechanisms where article seven of the class a stock restriction agreement which again protects david and the class b stock restriction agreement which protects karen both of them had provisions that if there's going to be some shares issued the elm needs to notify everyone that they're going to issue the price per share and the number of shares along with some other details saying or a consent that 1.84 million dollars is of equity not the number of shares so you could even calculate backwards does not give this information and that's not what was required by 8.03 where the consent was found it's under other provisions so and since they were denied their right to prevent dilution david or karen if they were provided these details would have been able to participate on the same terms as lee graves and be able to prevent their dilution any one of these following illinois law following the bylaws or following either the class uh either of the class a or the class b stop restriction agreement would have allowed them to prevent this dilution and the only other thing that i can think of that might be an issue that was decided is the statement that no defendant made a misstatement or omission of material fact which comes on page nine of the that set goes on to say leading up to the may 12 2014 letter so there's no omission or misstatement before the letter that was a determination that was made our claims that were asserted at the circuit court as the federal court already kind of outlined are things about the plaintiffs make what was done after the dial after the letter so the statement about him no omission happened is not the same omissions or the misstatements or the emotion omissions the failure to comply with these rules and contracts that we actually argue about and in the end this is all bolstered by the federal court statement that it's not considering these facts because it didn't need to and saying that david may be uh allowed to present his claims and maybe even the state court might uh help david out on that and i've said david several times because that leads us to the issue of fairness collateral estoppel is an equitable doctrine and it should not be applied when there will be unfairness and i think that's important and i separate david and karen for that karen for example is not mentioned in either federal court opinion except in passing at the outset of each in just mentioning that she's a party her claims are not discussed and her claims are not determined all that's determined is that david consented to something karen didn't consent to anything karen's protection came from dilution or dilution protection came from the class b stock restriction agreement nowhere in either federal court opinion is there any mention of the class b stock restriction agreement so it is unfair to apply collateral estoppel to wipe out karen wale's 400 000 investment in this company when on the stretched application of collateral estoppel when the prior courts have barely even mentioned her and while david's unfairness might some degree lower uh given that he is the one that did not consent he did not respond or sorry he did consent under 8.03 by failing to respond in the letter whereas karen just didn't do anything but david still deserves his chance to not just present his claims but to get a decision on those claims and those claims just come down to was he given notice so he could participate on the same terms and if he wasn't he should have been to prevent his dilution so it is unfair again to apply collateral estoppel to have his very significant investments in elm essentially wiped out when he didn't even know what the 1.84 million dollars was going to buy for example maybe it was going to buy one share and it didn't matter that much a one share change and maybe he wouldn't have wanted to participate but if he would have known it was going to buy 99 of elm and dilute him to virtually no ownership he certainly would have participated so applying collateral estoppel would simply is simply unfair in this situation and with that i'd just like to briefly address the malpractice because it is somewhat different but it still comes down to the same thing is it identical nothing about consenting to 1.84 million dollars of equity being issued to lee graves touches on whether or not lee graves was acting against his client's interest whether lee graves uh should have advised david bfl hey you should at least get non-conflicted counsel it is not an identical fact that is in any way outcome dispositive of the malpractice claims either if anything all of this litigation and the drastic results suggest that it was very important for graves or his firm to let david know that he should have gotten new counsel or say this is what's going to happen if you do not respond to this letter in writing so with that in mind we're uh prepared to rest on our brief on the remainder of our points unless your honors have any questions and i'd certainly like to address them especially since i'm not addressing a couple of the points in the brief i do have a procedural question for you and you know you said this case is procedural boy is it um with judge who's making the first decision and then moving on and judge vikoski reviewing everything very very thoroughly um i'd like to look at the timeline of the multiple complaints my my first question for you is is the second file third amended complaint still viable is it is it still a record it was filed on february 11 2020 very good question your honor i do not believe so because i believe that that was never actually i believe we filed a motion for leave to have it filed and we never got a ruling on that so it was effectively not filed okay because i think judge mccuskey did address that issue i i could be wrong and let me tell you i am concerned about it on january 15th it was clarified that there were two claims the sliver claims that survived were 10 and 5 and judge who's only mentioned 5 then before you got your 304 a finding before you knew whether or not you could appeal you filed or your client filed um the second third amended complaint because judge mccuskey dismissed the third amended complaint as moot and um struck your request to file a fourth amended complaint but that third amended complaint is limited to two counts the breach of fiduciary duty in other words before you knew whether you could appeal it appears to me that you abandoned or forfeited the other counts by not preserving them in the second third amended complaint so that's why i ask you these questions i will go into the record to see if there was leave requested to file the second third amended complaint so i will look at that and i appreciate your answer and your honor if i may now that you've uh explained your reasoning for it i would hate that i'm simply misremembering and i can't say for sure i understand i do believe that that was one that was uh lee was not granted but now that i understand where you're coming from um i obviously can't flip through it now but i believe that's where it's at but if i miss i'll look at it this is a very confusing procedural case and i don't know how anyone could keep track of all the filing dates so thank you for your answer thank you very much you want to add to your answer mr phillips i have nothing more to add uh your honor so with that and unless there's any other questions they include i'm sorry i'm justice o'brien do you have any questions no okay just in conclusion like i said we will uh certainly depend on our brief but i think the major thrust here the biggest thing to keep in mind is that collateral estoppel requires an identical issue to be decided in the prior litigation and there's simply nothing identical that applies to the claims being brought in the uh in the current map and the current complaints and so i'll i'm happy to waive the remainder of my time for opening argument and allow this proceed okay thank you thank you mr phillips i believe on the apple east side uh the order procedure who wishes to go first i believe i will uh your honor my name is richard doyle and i'm an attorney for elm one call locators um mr uh the the argument we've heard is basically arguing the merits i don't believe that's what's here before this court here the circuit court found issues of corporate compliance relating to the issuance of stock to graves to have been previously adjudicated it was adjudicated by the district court and affirmed by the seventh circuit the conclusion being those issues were therefore barred under the doctrine of collateral estoppel while the circuit court gave the plaintiffs three opportunities to correct their complaint they refused to drop the issues of corporate compliance that had been determined to have been previously adjudicated in the federal courts the district court heard all of these arguments by mr phillips it was a summary judgment motion all the facts arguments were conceded the issue was whether or not consent acted as a defense or was dispositive to those challenges the court in reviewing all of that the briefing having a hearing found that there were that on the part of elm and graves there were no omissions or misstatements and then went on to determine the effect of that holding on the two federal counts the circuit court let's see so on appeal if you look at the seventh circuit brief bfld argued the same corporate arguments you've just heard and and asserted that they were omissions or misstatements of material fact that would have affected the decision again the seventh circuit treating them collectively said there were no omissions and no misstatements and affirmed so all the circuit court's done is apply that conclusion two judges in the circuit court both of whom reviewed the entire evidentiary record independent of each other found that plaintiffs were making identical arguments to the controlling facts determined in the federal action this is now the fifth forum in which the plaintiffs are making identical arguments challenging the issuance of stock to mr graves and as judge who's held that's a dead issue so it's been universally determined that bfl consented to the issuance of stock to graves they're not thereby negating all of plaintiffs challenged counts all of which allege defendants non-compliance with the requirements for that issuance and under the doctrine of collateral estoppel which is why we're here plaintiffs cannot relitigate that issue is a necessary element of any of the identified causes of action in other words plaintiff can fare no better here than it did in the federal action i really have nothing more would you please the contention of um the appellant that the federal court's ruling didn't find that there were no omissions or misstatements or material fact you know a blanket statement that they said none um through may of 2014 i forget the exact date that their finding was limited and that the the claims then that they're seeking to go forward on in state court um would include items after that date so that they you know so it's an interesting question because the timing of the argument being made by plaintiffs i think is incorrect it's important to recognize the stock was issued over a year prior to the motion for all of the issues addressing both pre-issuance activity post-issuance activity were deemed fair game in that the plaintiffs were seeking to set aside the issuance of the shares to graves they had already been issued so i think it's misleading to imply that may 14th was some special operative date it was for consent and it was for the information it provided but the challenge to the issuance of stock was to just that it included the fact that the stock had in fact been issued at the time the district court evaluated summary judgment okay justice holder if you don't mind i have one more question for mr doyle mr doyle d can you address mr phillips's point that the consent david's consent may have been litigated but certainly miss wales consent was not litigated in any of the other forums would you could you touch on that please so david biefeld's consent was deemed somewhat was deemed controlling but miss wales argued with him for summary judgment she had every opportunity to make the argument she wanted seventh circuit recognized her as a class b shareholder she had limited rights but she's been a participant all the way through this and if it turns out that there was an issue she didn't raise we've included a section in our brief on waiver i mean it just would be sandbagging to allow someone to go through five years of litigation as the plaintiff having brought the motions having been a signatory to the seventh circuit appeal and then say you know uh there's this little particular issue or some some issue that that i now get to raise and it basically moots the last five years of litigation so we believe her arguments were made and if you look at the seventh circuit briefing by plaintiffs i believe you will see that she made that argument and that the court acknowledged her role as a class b shareholder and still concluded that there were no omissions or misstatements thank you when you say to clarify mr doyle that she made they found she made that argument specifically which argument are you referring to notice notice that's right okay she's copied the court included the may 14th letter in its opinion and it notes in that letter that she was copied and and there's no issue of fact because this was summary judgment and and for plaintiffs to now argue or claim that possibly uh she didn't have notice the facts were all deemed undisputed for summary judgment of course you know counsel that there's enough brief reading in this case it was very busy and we have not i have not personally looked at any circuit uh the court of appeals briefs so if you want us to look at those they're not part of this record and i haven't looked at it so if you are interested in whether or not plaintiffs characterized okay i just want you to understand that your argument says if you look at those briefs filed in the federal appellate court we're going to see well we have not looked at those briefs and we will not look at those briefs unless you bring them to us in the record would i have permission to file those that's entirely up to you okay whether you want to file a motion or not i just want to make you aware that i do not intend to do my own research and find those briefs because these briefs are interesting enough okay thank you your honor okay mr doyle uh your time is up we'll proceed now mr unrath thank you your honor my name is craig unrath i represent lee graves and graves law office plaintiffs malpractice action is devoted entirely to the issue of consent to the stockage issuance the the so-called major event uh judge who's recognized that these allegations go to the very heart of the issue of uh consent that judge holly and the judge have addressed now look at the complaint for malpractice here it states or plaintiff alleged can you identify which complaint you're talking about that's a good point your honor we have so many of them don't let's for the record would you identify which complaint i'm looking at the second amended complaint i believe it's the second amended complaint filed in the uh circuit court of illinois plaintiff alleged in that complaint that graves failed to explain the meaning of the stock restriction agreement well that sounds like an omission to me doesn't it uh he also claims that graves caused elm to issue stock to himself well that sounds pretty much like a fraud right those issues have already been decided as the seventh circuit noted as i think all the parties have noted defendants the seventh circuit uh upheld the district court's ruling that defendants committed no fraud misstatements or omissions concerning the issuance of equity this is what judge who's conclusion that this isn't that issue when you look at the complaint the allegations of malpractice they all involve either an omission or a misrepresentation or fraud uh and that issue has been decided now we also argued that the claim is time barred you know uh and i want to contends that his malpractice complaint originated in his second amended complaint filed in federal court now when you examine that complaint and i believe that this complaint is in the record and if it's not it is a public record uh which this court can take judicial notice of but when you look at the second amended complaint filed in federal court you find that it has absolutely no resemblance to the malpractice claim currently before this court the second amended complaint in the federal court alleged that graves negligent handling of elm's corporate books and records and this is a quote is one of the root causes of the litigation unquote now you know there's no allegations in the current in the complaint before this court about mishandling corporate books or records uh he also claims that graves was handling legal issues pertaining to irs matters for both elm and mrs wales and this represented a conflict of interest now there's nothing in this uh malpractice complaint but before this court mentioning the irs or a conflict of interest and finally he claims he was damaged because in negotiating the sale of contracts to a competitor graves may not have received the full purchase price that's not in the malpractice claim before this court there are no allegations anywhere in the second amended complaint in federal court involving the issuance of stock the may 12th letter or the so-called major event those allegations first came to light in the third amended complaint filed in federal court on august 3rd 2016 and that entirely new complaint was untimely filed now plaintiff argued in his reply brief that judge hawley ruled that the claim was not time barred again you have to look at his ruling uh judge hawley ruled that is based entirely on the statute of repose and i with respect to judge hawley i've reviewed that ruling a couple of times and i and i fail to understand it the sole purpose of a statute is to cut off the discovery rule now in this case the discovery rule was never in question the may 12th and june 14th letters from 2014 lay out exactly what is about to happen again he must have known about his cause of action i see that my time is up and i urge the court to affirm the district where the circuit court's ruling thank you thank you mr on rep uh mr phillips you may um respond thank you your honor i'll try to be as brief as possible um first i just want to stress uh something that uh the court brought up that these omissions and court opinion and in fact it is on page 9 may 12 2014 so that takes care of any omissions that happened after that and as the federal court opinion said all this stuff are the formalities that were not followed afterwards so it cannot be that a lack of an omission beforehand is somehow uh still an omission or a lack of omission after the fact otherwise i want to mention that the vast majority of the response to questions about miss wales involvement was that miss wales argued certain things not that anything was decided and the collateral estoppel requires a final determination an actual decision on the merits not that just someone argues something someone can all these cases no whack someone argued something the rest of the federal claims were kicked out so it gets sent to state court they argued both of them federal court but only one ends up in state court and collateral estoppel does not apply uh you have the same thing with in rey nancy or uh sorry telegraph savings all these cases including some of the ones that the appellees cite that has to actually be decided and it goes all the way back to the hoffman case a century ago that it has to be not just argued but decided as to any i have another question for you i'm sorry to pepper you and interrupt your arguments mr unref spoke about um the malpractice claims and again i go back to that february 11th third amended complaint there are no malpractice claims in that complaint that concerns me just a little bit and i want to direct your attention to a case it's um bonhomme versus saint james 2012 it's issued by the illinois supreme court il one one two three nine three and this argument is recorded so you can get the citation you know you listen to the recording that case really does state my concerns about whether um these issues were rendered moot once council decided to file the second third amended claim on february 11th before it became apparent whether there was a final uh order or a rule 304a finding on february 13th that that's the reason for my questioning i know you weren't prepared to address that and uh if you would like to look at that case maybe it would be helpful i certainly will look at that your honor and i appreciate you bringing my attention i do apologize for not being more able to argue that particular point it's all right um as to the issues uh raised on the matter again uh it was argued that about all these omissions that the federal court decided that there were no omissions but a review of that very clearly shows that the omissions were about omissions under 10b of federal securities law not omissions about the issuance of shares or omissions that have something to do with a lawyer's duty to his client you have to look at the context of when they're saying no omissions happened it's no omissions that are 10b violations under federal securities law so i think that's one important point to make and as the timeliness argument i would first note that wasn't a reason that this case was dismissed it's not on appeal this is premature we shouldn't even be talking about timeliness it's not on appeal and i believe mr unreth had argued uh the series of events at the federal court but at the end of it i found it interesting that he simply that there was simply a disagreement with judge holly it sounds a lot more like appellees acknowledged that judge holly magistrate judge holly allowed the malpractice claims to survive and that the appellees want this court to actually review judge holly that's what is essentially being argued here and i don't think that that is proper it's uh and it's frankly not even really uh an issue that's on appeal at this time because the circuit court when it dismissed the malpractice claims it did so based on the uh the application of collateral estoppel i'm over time and i appreciate uh the indulgence to finish that okay uh any questions from the bench no further questions okay hearing none uh thank you counsel all for your arguments in this matter this afternoon it will be taken under advisement and a written disposition will issue